UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JASON MICHAEL HOVIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:15CV1647 NAB |
| | ) | |
| HEATH SPACKLER, | ) | |
| | ) | |
| Respondent, | ) | |

## MEMORANDUM AND ORDER

Jason Hovis petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2254. The petition appears to be barred by the limitations period, and the Court will direct him to show cause why it should not be dismissed. *See* 28 U.S.C. § 2254 Rule 4; *Day v. McDonough*, 547 U.S. 198, 210 (2006) (permitting *sua sponte* dismissal of untimely petitions after fair notice).

On April 15, 2013, petitioner pled guilty to two counts of first-degree statutory sodomy. *Missouri v. Hovis*, No. 12JE-CR02316-01 (Jefferson County). On the same day, the court sentenced him to ten years' imprisonment on both counts, with the sentences to run concurrently. Petitioner did not appeal, and he did not file a motion for postconviction relief under Rule 24.035.

Petitioner filed the instant petition on October 6, 2015. He argues that he was wrongfully prosecuted, that his counsel was ineffective, and that the prosecutor committed misconduct.

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner had ten days from the entry of the criminal judgment to file an appeal. Mo. S.Ct. R. 81.04(a). Therefore, the judgment became final on about April 25, 2013, and the limitations expired on about April 25, 2014.

Petitioner argues that he was impeded from filing a timely habeas petition by the state because his caseworker at the Eastern Reception Diagnostic and Correctional Center told him he "would get more time" and because he did not have access to the law library until he was transferred to the Western Missouri Correctional Center. He argues that his petition is therefore timely under § 2244(d)(1)(B).

A "28 U.S.C. § 2244(d)(1)(B) claim must satisfy a far higher bar than that for equitable tolling." *Ramirez v. Yates*, 571 F.3d 993, 1000 (9th Cir. 2009). A petitioner "is entitled to the commencement of a new limitations period under § 2244(d)(1)(B) only if [the state action] prevented him from presenting his claims in *any* form, to *any* court." *Id.* at 1001 (emphasis in original).

2

The lack of access to the prison's library and the caseworker's reassurances did not make it impossible for petitioner to timely file his petition "in *any* form, to *any* court." *Id.* "Pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling." *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004) (quotation marks omitted); *see Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) (holding that "even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted"). Moreover, to be entitled to equitable tolling, a petitioner must demonstrate both that he has been diligently pursuing his rights and that an extraordinary circumstance stood in his way. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Petitioner has not demonstrated that he diligently pursued his rights or that an extraordinary circumstance prevented him from timely filing the petition. As a result, it appears that the petition is barred by the limitations period.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner must show cause, no later than twenty-one (21) days from the date of this Order, why his petition should not be dismissed as untimely.

Dated this 3rd day of November, 2015.

/s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE